UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. WITBROD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-8176 |
| | ) |
| BLITT AND GAINES, P.C. and | ) Judge John W. Darrah |
| CAVALRY SPV I, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael J. Witbrod filed a Complaint against Defendants Blitt & Gaines, P.C. ("Blitt") and Cavalry SPV I, LLC, alleging constitutional claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT. 505/1 *et seq.* Cavalry moved to dismiss Count III, Plaintiff's ICFA claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### BACKGROUND

The following facts are taken from the Complaint, which is assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). Witbrod is a natural person who resides in Lemont, Illinois. (Compl. ¶¶ 4, 15.) Blitt is a law firm located in Wheeling, Illinois. (*Id.* at ¶ 5.) Cavalry is a New York corporation with its principal office in Valhalla, New York, and a registered agent located in Chicago, Illinois. (*Id.* at ¶ 7). Both Blitt and Cavalry are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6). (*Id.* at ¶¶ 6, 8.)

Cavalry is attempting to collect an alleged consumer debt of $16,354.34 from Plaintiff. (*Id.* at ¶ 9.) On behalf of Cavalry, Blitt filed a complaint against Plaintiff in the Circuit Court of Cook County, specifically at the Richard J. Daley Center Courthouse. (*Id.* at ¶¶ 9-11.) The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. (*Id.* at ¶ 12.) Lemont, Illinois is located in the Circuit Court of Cook County's Fifth Municipal District, and the Bridgeview Courthouse is the courthouse which serves that district. (*Id.* at ¶¶ 16-17). The Bridgeview Courthouse is thirteen point eight miles from Plaintiff's home, while the Richard J. Daley Center Courthouse is thirty miles from Plaintiff's home. (*Id.* at ¶¶ 18-19.) Plaintiff retained counsel and incurred attorney's fees and costs in order to defend the collection case at the Richard J. Daley Center Courthouse. (*Id.* at ¶ 25.) Plaintiff also suffered from anxiety, mental anguish, and emotional distress as a result of Defendants' actions. (*Id.* at ¶ 26.)

**LEGAL STANDARDS**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

**ANALYSIS**

Plaintiff alleges that filing the debt collection action in the Richard J. Daley Center Courthouse, instead of the closer Rolling Meadows Courthouse, was an unfair or deceptive act under the ICFA. Fraud claims under the ICFA are analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires plaintiffs to describe the 'who, what, when, where, and how of the fraud.' *Camasta*, 761 F.3d at 736 (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). Although the circumstances establishing fraud must be pled with particularity, a defendant's "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The ICFA prohibits "unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 ILL. COMP. STAT. 505; *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). Plaintiff must plead facts alleging: "(1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Dubey v. Pub. Storage, Inc.*, 918 N.E.2d 265, 277 (Ill. App. Ct. 2009).

Defendant argues that an alleged violation of the FDCPA does not establish a violation of the ICFA. By statute, a knowing violation of one of several acts constitutes "an unlawful

practice within the meaning of" the ICFA. *See* 815 ILL. COMP. STAT. 505/2Z, 2E. The FDCPA is not one of the enumerated acts. While a violation of the FDCPA is not a *per se* violation of the ICFA, the same practice can violate both Acts. But Plaintiff must sufficiently allege an independent violation of the ICFA.

Cavalry argues that there was no unfair act or deceptive practice under the ICFA. The ICFA defines unfair or deceptive acts as "including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of trade or commerce." 815 ILL. COMP. STAT. 505/2. Plaintiff argues that filing the collection action in the Richard J. Daley Center Courthouse "was intended only to deceive [Plaintiff] into believing that the First Municipal District is the venue where he must defend the case" and that Cavalry actively concealed the proper venue. (*Id.* at ¶¶ 42, 46).

Under Illinois law, venue is generally proper: "(1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILL. COMP. STAT. 5/2-101. Defendant argues that there is a legitimate disagreement about the proper venue for filing the collection action and points to two Seventh Circuit cases discussing the proper venue under the FDCPA: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) and *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). As previously discussed, the question of proper venue under the FDCPA does not directly affect Plaintiff's ICFA claim. Regardless, Cavalry did not actively conceal the proper venue. The debt

4

collection action was filed in the proper venue, the Plaintiff's county of residence. It would be anomalous to hold that Defendant committed fraud by filing their collection action in a venue specifically authorized by state statute.

Moreover, the case could have easily been transferred to the Bridgeview Courthouse. Under the Circuit Court of Cook County General Order No. 1.3(d), "[f]or the convenience of parties and witnesses and for the more efficient disposition of litigation, a judge, upon motion of any party may transfer any action pending before that judge to the Presiding Judge of the division or district for the purpose of transferring the action to any other department, division or district." Cook Co. Cir. Ct. G.O. 1.3(d) (Aug. 1, 1996). Defendant also argues that litigation is not "trade or commerce" under the ICFA. Plaintiff alleges that Cavalry regularly collects or attempts to collect delinquent consumer accounts. The Court must accept all well-pleaded factual allegations as true and construe all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081. A reasonable inference is that Cavalry sells its collection services and attempts to collect the debt of at least some people in the State of Illinois, including the Plaintiff. The attempted collection of the delinquent consumer accounts "constituted the sale and distribution of services which directly or indirectly affected the people of Illinois, namely the alleged [debtors], and thus amounted to the conduct of trade or commerce as defined by the Consumer Fraud Act." *People ex rel. Daley v. Datacom Sys. Corp.*, 585 N.E.2d 51, 64 (Ill. 1991). Plaintiff has sufficiently pled that the lawsuit occurred in the course of conduct involving trade or commerce.

Defendant argues that Plaintiff has not pled damages with particularity. "[I]n a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'" *Camasta*, 761 F.3d at 739 (quoting *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir.

5

2010)). Plaintiff pled that he was required to retain counsel and incurred attorney's fees and costs to defend the collection case. (Compl. at ¶ 25.) However, he does not allege that these costs were incurred *because* the suit was filed at the Richard J. Daley Center Courthouse. Plaintiff also does not allege that those same fees would not have been incurred if the suit was filed at the Rolling Meadows Courthouse. Plaintiff's allegations of anxiety, mental anguish, and emotional distress do not, by themselves, constitute damages under the ICFA. *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1054 (Ill. App. Ct. 2009) (holding emotional damages are compensable under the Consumer Fraud Act only when they are part of a total award that includes actual economic damages). Therefore, Plaintiff has not alleged that his pecuniary damages were proximately caused by the Defendants' deception.

Defendant further argues that the filing of a lawsuit is subject to an "absolute privilege" and cannot be the basis for an ICFA claim. "[T]he absolute litigation privilege affords immunity to attorneys (and other participants in the judicial process) from tort liability arising out of statements made in connection with litigation." *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998). The privilege arises when "the publication 'was made in a judicial proceeding; had some connection or logical relation to the action; was made to achieve the objects of the litigation; and involved litigants or other participants authorized by law.'" *Kurczaba v. Pollock*, 742 N.E.2d 425, 438 (Ill. App. Ct. 2000) (citing 53 C.J.S. Libel & Slander § 72, at 132 (1987)). "A private litigant enjoys the same privilege concerning a proceeding to which he is a party." *Thompson v. Frank*, 730 N.E.2d 143, 145 (Ill. App. Ct. 2000) (citing Restatement (Second) of Torts § 587 (1977)).

Plaintiff does not cite any Illinois authority holding that the immunity is inapplicable to actions alleging fraud. Rather, Plaintiff responds that the practice of filing the lawsuit is abusive

and deceptive. However, in Illinois, "[t]he only proper cause of action based on the filing of a lawsuit is either malicious prosecution or abuse of process." *Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732, 746 (N.D. Ill. 2012) (citing *Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983)). Neither of which are alleged here. Therefore, even if Plaintiff had sufficiently alleged pecuniary damages, his ICFA claim would be barred by Illinois's absolute litigation privilege.

Defendant's Motion to Dismiss Plaintiff's ICFA claim is granted with prejudice.

## CONCLUSION

For the reasons set forth above, Cavalry's Motion to Dismiss [13] Count III is granted with prejudice.

Date: April 29, 2015

JOHN W. DARRAH
United States District Court Judge